[Civil No. 2136.   Filed October 10, 1924.]

[229 Pac. 98.]

## SOUTHWEST COTTON COMPANY, a Corporation, Appellant, v. THE VALLEY BANK, a Corporation, SARIVAL STORAGE COMPANY, a Corporation, G. P. NEVITT and L. ZELLNER, Appellees.

MOTION for rehearing on appeal from a judgment of the Superior Court of the County of Maricopa, F. H. Lyman, Judge. Motion for rehearing denied.

For former opinion, see 26 Ariz. 559, 227 Pac. 986.

Mr. Richard E. Sloan, Mr. C. R. Holton and Mr. Greig Scott, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, Mr. Samuel White, and Mr. G. P. Nevitt, for Appellees.

WINDES, Superior Judge.—Appellant has filed its motion for a rehearing, together with a voluminous argument, wherein counsel contends very forcefully and conscientiously, that the court has gone astray in its conclusions. After a very careful reading of the reasons advanced for the granting of the motion, we are unable to find any point therein which was not thoroughly and thoughtfully considered by the court prior to the rendition of its judgment.

It is urged that the court should not have taken into consideration the negotiability of the warehouse receipts. In this, counsel either has a misapprehension of the law, or a misunderstanding as to the extent to which the negotiability of the instruments bears on the result reached. It is quite true that under the general law of negotiable instruments the rights of the parties thereunder are not affected by

this element, but the fact that the instruments were negotiable has a very important and enlightening evidential valuation on the chain of circumstances, from which must be deduced the unexpressed intention of the transferor.

It is also urged that there was no consideration for the transfer, and therefore as a matter of law there could have been no waiver. In this connection it may be observed that it was testified that the bank advanced money to Nevitt upon the delivery of part of these receipts to pay the plaintiff, Southwest Cotton Company, for ginning, seed, and other things. It is interesting also to observe that subsequent to the understanding between Nevitt, the cotton company, and the bank, that the receipts would be delivered, the bank loaned Nevitt $32,850, which is over $30,000 in excess of the amount originally arranged to be loaned.

We are thoroughly convinced that the original opinion in this case is legally sound, and entirely just.

For the above reasons the motion for a rehearing will be denied.

McALISTER, C. J., and ROSS, J., concur.